Law Offices
**HINSHAW & CULBERTSON LLP**
3200 N. Central Avenue
Suite 800
Phoenix, AZ 85012
602-631-4400
602-631-4404
vorze@hinshawlaw.com

Victoria L. Orze (011413)
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Murison,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Thunderbird Collection Specialists,<br><br>　　　　Defendant. | No. CV10-38-ECV<br><br>**DEFENDANT'S MOTION FOR REIMBURSEMENT AWARD OF FEES AND EXPENSES INCURRED WHEN PLAINTIFF FAILED TO ATTEND HER DEPOSITION** |

　　　　Defendant Thunderbird Collection Specialists, Inc. ("Thunderbird") hereby requests this Court enter an order requiring Plaintiff's counsel to reimburse Thunderbird for costs and expenses incurred when Plaintiff and her attorney, without excuse or justification, failed to appear at her deposition. Thunderbird seeks reimbursement of $600, comprised of $120 for the Court Reporter's affidavit of non-appearance, and $480 in legal fees incurred as a direct result of Plaintiff's failure to appear. This sum <u>does not</u> include any fees incurred for preparing this motion.

　　　　Thunderbird's motion is brought pursuant to Rules 37(d)(1)(A)(i), and 37(d)(1)(D) of the Federal Rules of Civil Procedure.  It is supported by the following memorandum and exhibits hereto.  Counsel has also filed the certification required by Rule 37(d)(1)(B) and L.R.Civ.Pro. 7.2(j).

## MEMORANDUM OF POINTS AND AUTHORITIES

In February 2010, Plaintiff Melissa Murison (through her attorney Ryan Lee of Krohn & Moss) sued Thunderbird Collection Specialists, Inc., for alleged violations of the Fair Debt Collection Practices Act. Several times during the discovery phase, Thunderbird asked Plaintiff's counsel for specific dates on which Thunderbird could take Plaintiff's deposition. Thunderbird once asked Plaintiff's counsel for suggested dates; twice Thunderbird offered Plaintiff's counsel a choice of several different dates. Plaintiff's counsel never responded to any of these communications, except once to say that Plaintiff could be deposed "any time."

On August 31, 2010 Thunderbird filed and served Plaintiff with a Notice setting her deposition for September 14th at 9:30 a.m. [Docket #23]. Plaintiff's counsel did not, at any time, contact Thunderbird to object or reschedule the deposition. On September 14th, Thunderbird's president and undersigned counsel convened with a court reporter and waited for Plaintiff and her attorney to appear. They did not appear, nor did Mr. Lee or his office contact Thunderbird's counsel to say they did not intend to appear. [See Exhibit A, Affidavit of Non-Appearance]

Thunderbird's counsel then immediately e-mailed a letter to Mr. Lee asking why Plaintiff failed to appear at her deposition. [See Exhibit B, Letter dated September 14, 2010] Plaintiff's counsel responded in a letter on September 16, wherein Mr. Lee said he had searched his file and did not see a proper notice of deposition [see Exhibit C, September 16 letter Ryan Lee to Victoria Orze].

After reviewing PACER and her own file, Thunderbird's counsel responded to Mr. Lee that the deposition was properly noticed, filed with the court and posted on PACER [Docket #23]. Furthermore, she reasonably assumed Plaintiff's counsel received the Notice because he specifically mentioned the scheduled deposition in his opposition to Thunderbird's request for a short enlargement of time to file its summary judgment

motion. [See Exhibit D, Orze letter to Lee. and Docket #24] Undersigned counsel also advised Mr. Lee that her client would ask that he reimburse Thunderbird for the extra costs and fees incurred because of Plaintiff's failure to appear.

Thunderbird and the Plaintiff have now settled their dispute over her FDCPA claim. The settlement, however, did not address Thunderbird's request that Plaintiff or her counsel reimburse it for $600 in costs and fees that would not have been incurred, had the Plaintiff and her attorney either (1) appeared at her deposition as scheduled, or (2) notified Thunderbird in advance that she would not be appearing that day.

Thunderbird's counsel has made several attempts to address this issue with Plaintiff's counsel directly on several occasions [see Exhibits B and C and Counsel's Affidavit filed herewith]. Mr. Lee has ignored all of those communications. He has never offered any excuse or justification for his or Plaintiff's failure to appear. Mr. Lee's claim that the deposition was not properly noticed is belied by the public docket and his own mention of the deposition in a filing with this court. Given the Plaintiff's counsel's refusal to offer <u>any</u> reason his failure to appear, it is reasonable to conclude that he deliberately chose to ignore the Notice. This type of litigation behavior should not go unnoticed and it should not be tolerated. Moreover, Thunderbird should not have to pay expenses that were incurred solely because Plaintiff's counsel decided not to follow the rules.

Plaintiff's lawsuit has been extremely expensive for Thunderbird. Thunderbird tried to resolve Plaintiff's claim before filing an answer. In June Thunderbird offered the Plaintiff more than she will now receive through the settlement she accepted in October. Thunderbird tried to discuss the factual and legal problems with Ms. Murison's case with her attorney early in the case, and asked him in writing to withdraw certain claims that had absolutely no factual basis or support. The Plaintiff attempted to withdraw those claims by a stipulation <u>only after</u> Thunderbird filed its summary judgment motion.

3

Rule 37(d)(1)(A)(i) permits the court to order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition."  In addition to the sanctions permitted by Rule 37(b)(2)((A)((i-iv), "the court **must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure**, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Rule 37(d)((3) (emphasis added).  The Plaintiff's attorney has not offered any justification for their failure to appear.  Mr. Lee has refused to even discuss the issue with Thunderbird.

Under these facts it is clearly within the court's discretion to enter sanctions. *Kent v. Cummings*, 2010 WL 2643538 (D.Ariz.) As a direct result of the failed deposition, Thunderbird has incurred the following:

| | |
|---|---|
| Non-Appearance Fee, paid to Ottmar & Associates: | $120.00 |

Attorneys' Fees at $200 per hour:

| Date | Narrative | Hrs |
|---|---|---|
| 9/14/10 | Attend deposition; wait on Plaintiff to appear; make record of non-appearance | 0.6 |
| 9/14/10 | Review file for correspondence from opposing counsel regarding deposition and notice of deposition for correctness to prepare for letter to opposing counsel; draft letter to opposing counsel seeking explanation for failure to appear, object, or notify that plaintiff would not attend her deposition | 0.8 |
| 9/16/10 | Receipt correspondence from Ryan Lee that he did not receive notice of deposition; review file to determine if notice was properly filed and served; review rules to determine if we failed to follow rules in providing notice; prepare correspondence to opposing counsel regarding the failure to appear and the rules | 0.8 |
| 9/16/10 | Revise and finalize letter to Ryan Lee regarding failure to show at deposition | 0.2 |

| | |
|---|---|
| *Total Attorneys' Fees* | $480.00 |
| **TOTAL** | **$600.00** |

23036205v1 0910515 68083

Counsel avows that the time spent was reasonable and was necessary only because of the Plaintiff's failure to reschedule or appear for her deposition. This figure does not include any of the time counsel spent in preparing this motion or the time spent to reschedule the deposition – which was done twice at Plaintiff's counsel's request [Docket #29 and #30].

Counsel also avows that 1.5 hours were spent in the preparation of this Motion, for an additional charge of $300. This time, however, has not been billed to or paid for by Thunderbird.

For these reasons, Thunderbird respectfully requests that the court enter an order requiring the Plaintiff's attorney to reimburse it for the sum of $900, pursuant to Rule 37(d)(3).

DATED this 12th day of November, 2010.

HINSHAW & CULBERTSON LLP

/s/ Victoria L. Orze
Victoria L. Orze
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of November, 2010, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ryan Lee
rlee@counsumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, California  90025
Attorneys for Plaintiff

By   /s/ Anne Lockwood