Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd. STE 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 861-1390
rlee@consumerlawcenter.com
Attorney for Plaintiff,
Melissa Murison

# IN THE UNITED STATES DISTRICT COURT,

# DISTRICT OF ARIZONA

| | |
|---|---|
| Melissa Murison,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>Thunderbird Collection Specialties, Inc.,<br><br>　　　　Defendant. | Case No.: 2:10-cv-00038-ECV<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REIMBURSEMENT AWARD OF FEES AND EXPENSES INCURRED WHEN PLAINTIFF FAILED TO ATTEND HER DEPOSITION**<br><br>**Honorable Judge Edward C. Voss** |

Plaintiff, Melissa Murison ("Plaintiff") hereby files this Memorandum in support of her Response in Opposition to Defendant's Motion for Reimbursement Award of Fees and Expenses Incurred When Plaintiff Failed to Attend Her Deposition brought pursuant to Fed.R.Civ.P 37(d)(1)(A)(i) and Fed.R.Civ.P 37(d)(1)(D).

## I.　　FACTUAL BACKGROUND

On August 30, 2010, this Honorable Court set this matter for a Settlement Conference on October 18, 2010 at 9:00 a.m. before Magistrate Judge David K Duncan.  *See* Doc. 22.  A Settlement Conference was held on October 18, 2010 before Magistrate Judge David K Duncan with appearances by Ryan Lee for and with Plaintiff, and Victoria Orze for Defendant with

client representative Steve Kay.  *See* Doc. Text Entry 33.  The parties did not reach a settlement.  *Id.*

On October 22, 2010, Plaintiff filed a Notice of Settlement in this matter informing the Court that a settlement of the present matter had been reached and Plaintiff was in the process of finalizing settlement, which Plaintiff anticipated to be finalized within the next 30 days.  Plaintiff therefore requested that this Honorable Court vacate all dates currently set on calendar for the present matter.  *See* Doc. 34.  Then on October 26, 2010, this Court entered an Order acknowledging having received a Notice of Settlement, and ordered that the Clerk of the Court shall dismiss the matter on November 26, 2010, unless prior thereto a formal written Judgment, Order of Dismissal or Request for Reinstatement on the Trial Calendar is filed with the court.  Further, the Court vacated all deadlines and denied as moot any pending motions.  *See* Doc. 35.

On November 12, 2010, Defendant filed its instant Motion for Reimbursement Award of Fees and Expenses Incurred pursuant to Fed.R.Civ.P 37(d)(1)(A)(i) and Fed.R.Civ.P 37(d)(1)(D).  This Honorable Court should deny Defendant's Motion because the settlement agreement reached between the parties was in full and final settlement of Plaintiff's claims under FDCPA and was **dispositive of any and all issues relating thereto including claims for attorneys' fees and costs**.  Notwithstanding, as detailed below Plaintiff's failure to attend the deposition was inadvertent and due to a diarying error of Plaintiff's attorneys.   For the reasons discussed below, Defendant is misguided in its attempt to seek an order requiring Plaintiff's counsel to reimburse Defendant Thunderbird Collection Specialties, Inc. for costs and expenses.

//

//

//

- 2 -

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REIMBURSEMENT
AWARD OF FEES AND EXPENSES

## II.   ARGUMENT

**A.   Defendant's motion should be denied as Plaintiff and Defendant reached a settlement agreement prior to the filing of Defendant's motion that identified all material terms and omitted any reference to Defendant's so-called right to seek attorneys' fees pursuant to Rule 37.**

Defendant improperly moves this Court for reimbursement award of fees and expenses incurred pursuant to Fed.R.Civ.P 37(d)(1)(A)(i) and Fed.R.Civ.P 37(d)(1)(D). In doing so, Defendant disregards the settlement agreement that was reached between the parties that fully and finally resolved all claims. (A redacted copy of the settlement agreement between the parties is attached hereto as **Exhibit "A"**). Subsequently, Plaintiff filed a Notice of settlement on October 21, 2010.

On or about October 21, 2010, the parties reached a settlement agreement in principal which was ultimately finalized after an exchange between the parties' attorneys ironing out the exact terms of the agreement. Specifically, on October 21, 2010, Plaintiff's attorneys memorialized the terms of the agreement in principal writing in an email to Defendant. (See a redacted copy of the email from Plaintiff's attorney memorializing the terms of the settlement attached as **Exhibit "A"**). Upon receipt of the email from Plaintiff's attorneys memorializing the agreement, Defendant voiced an objection to one of the stated terms claiming the term was not part of the parties' agreement. Defendant's attorney objected to term 3 of the agreement and stated, "Thunderbird never offered or agreed, as part of the settlement with Ms. Murison, to close her account, cease collection activities, and remove any trade-line entries. Those terms and conditions were never discussed and are unrelated to her FDCPA claim, which Thunderbird did agree to settle." *Id*. Further, Defendant's counsel went on to state, "Assuming the inclusion of

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REIMBURSEMENT
AWARD OF FEES AND EXPENSES

those conditions in your e-mail was inadvertent, I will obtain checks from my client and prepare a proposed settlement document. Please confirm this is your understanding before filing any notice of settlement with the Court." (See a redacted copy of the email from Plaintiff's attorney memorializing the terms of the settlement attached as **Exhibit "A"**). Plaintiff's counsel replied by stating, "That is fine." *Id*.

Defendant made no additional objections to the proposed settlement terms and Defendant made no mention whatsoever of any sums due to Defendant from Plaintiff or Plaintiff's counsel arising from any matter in the present litigation. *Id*. The mere fact that Plaintiff's attorney reviewed the terms of the agreement and assented to them after slight modification by stating "That is fine" conclusively evidences that a settlement was reached in this matter. Further, the fact that Defendant's attorney went to state that she would "obtain checks from my client and prepare a proposed settlement document" ratified the agreement between the parties except for the inclusion of the above-referenced "term 3" to the agreement.

After an agreement was solidified, however, Defendant attempted to materially change the terms of the parties' agreement by drafting a Release that reserved the right for Defendant to still pursue a claim for sanctions against Plaintiff and then filing the instant motion. On or about November 12, 2010, Plaintiff received the "RELEASE" from Defendant attached hereto as **Exhibit "B"** (redacted for confidentiality of monetary terms) for the Plaintiff's signature. In this release, Defendant's counsel included a never before discussed settlement term, "Murison also specifically acknowledges and agrees that this Release does not release the claim Thunderbird has made for reimbursement of the fees and expenses it incurred as a result of her failure to attend her deposition scheduled for September 14, 2010." This language does not comport with the final expression of the parties' agreement as ratified and detailed above and Plaintiff objects to the same. Accordingly, the mere fact that Defendant attempted to preserve its right to bring

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REIMBURSEMENT
AWARD OF FEES AND EXPENSES

the instant motion by referencing it in a release does not give the language binding effect. Just as Defendant objected to the inclusion of terms not discussed in the parties' settlement negotiations, Plaintiff objects to Defendant's motion which would materially alter the parties' agreement. Defendant should be estopped by its actions and ratification of the parties' agreement from attempting to dissipate Plaintiff's recovery through the filing of the instant motion.

Pursuant to Arizona law, a contract exists once there is "an offer, an acceptance, consideration, and sufficient specification of terms so that obligations can be ascertained. *L-Line Builders, Inc. v. First Federal Savings & Loan Ass'n,* 139 Ariz. 209, 212, 677 P.2d 1317, 1320 (App.1983). The parties' written correspondence details the existence of an offer, an acceptance, consideration, and sufficient specification of all material terms. Unmistakably, if Defendant wished to preserve its right to seek sanctions, Defendant should have discussed the same within the context of the settlement negotiations. Defendant's failure to do so is fatal to its claim for sanctions brought herein. Notwithstanding, Defendant's motion for sanctions is substantively without merit. As detailed below, Plaintiff did not appear for deposition intentionally, but rather due to the inadvertent scheduling error of her attorneys. This conduct does not warrant the imposition for sanctions especially in light of the above-referenced settlement agreement.

**B.    Notwithstanding the above, Plaintiff's failure to attend deposition was due to inadvertence and does not justify the imposition of sanctions.**

On August 31, 2010, Defendant's counsel filed and served Plaintiff with a Notice setting Plaintiff's deposition for September 14, 2010 at 9:30 a.m. *See* Doc. 23. On September 3, 2010, Plaintiff filed an opposition to Defendant's request for enlargement of time to file dispositive motions wherein Plaintiff specifically mentioned the scheduled deposition. *See* Doc. 24. However, Plaintiff's counsel, inadvertently, failed to diary the deposition in the firm's calendar management system. (*See* Decl. of Ryan Lee ¶4). Thus, it was purely due to a docketing error

that Plaintiff failed to appear for her scheduled deposition on September 14, 2010 at 9:30 a.m. (*See* Decl. of Ryan Lee ¶5). Furthermore, it is because of the same docketing error, Plaintiff's counsel, in his letter dated September 16, 2010, indicated to Defendant's counsel that he had searched his file and did not see a proper notice of deposition. (*See* Decl. of Ryan Lee ¶6). As a result, on September 14, 2010, Plaintiff, inadvertently and unintentionally, failed to appear at her deposition.

Federal Rule of Civil Procedure 37(d)(3), which provides in relevant part:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, <u>unless the failure was substantially justified or other circumstances make an award of expenses unjust</u>.

We have held that the term "substantially justified" means " 'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Pierce v. Underwood,* 487 U.S. 552, 565-566, 108 S.Ct. 2541, 2550-2551, 101 L.Ed.2d 490 (1988).

Admittedly, due care and precaution should be exercised as to all matters and especially concerning time-sensitive issues such as a deposition, however, Plaintiff did not intend to disobey orders or inconvenience any parties or this Honorable Court. Based on the surrounding circumstances in the present case, it is clear that Plaintiff's conduct is "justified to a degree that could satisfy a reasonable person." Plaintiff's aforementioned conduct is precisely the type of situation justifying relief under Federal Rule of Civil Procedure 37(d)(3). Therefore, pursuant to

the Supreme Court in *Pierce v. Underwood*, the Court should deny Defendant's Motion for Sanctions pursuant to Fed.R.Civ.P. 37(d).

### III.   CONCLUSION

For the foregoing reasons, Defendant is misguided and displays bad faith in its attempt to seek an order requiring Plaintiff's counsel to reimburse Defendant Thunderbird Collection Specialties, Inc. for costs and expenses after it reached a settlement with Plaintiff. This Honorable Court should, therefore, deny Defendant's Motion.

RESPECTFULLY SUBMITTED,

Dated: November 23, 2010       By:/s/Ryan Lee
                                                             Ryan Lee, Esq.
                                                             KROHN & MOSS, LTD.
                                                             Attorneys for Plaintiff,
                                                             Melissa Murison

# EXHIBIT "A"

# EXHIBIT "B"

## CERTIFICATE OF SERVICE

I, Ryan Lee, hereby certify that a copy of the foregoing **1) Plaintiff's Response in Opposition to Defendant's Motion for reimbursement award of fees and expenses, and 2) Declaration of Ryan Lee in support of Plaintiff's Response in Opposition to Defendant's Motion for reimbursement award of fees and expenses** was sent via the Court's ECF system to:

**Victoria Lea Orze**
Hinshaw & Culbertson LLP
3200 N Central Ave
Ste 800
Phoenix, AZ 85012-2428
602-631-4400
Fax: 602-631-4404
Email: vorze@hinshawlaw.com

Dated: November 23, 2010                    By: /s/Ryan Lee
                                                Ryan Lee, Esq.
                                                KROHN & MOSS, LTD.
                                                Attorneys for Plaintiff,
                                                Melissa Murison

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REIMBURSEMENT AWARD OF FEES AND EXPENSES